United States District Court
Southern District of Texas
**ENTERED**
November 04, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OVERILLE DENTON THOMPSON, (SPN #02425321) | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-15-3003 |
| MEREDITH DANIELS, | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND OPINION

Overille Denton Thompson, an inmate of the Harris County Jail, filed this suit *pro se* and *in forma pauperis* against Meredith Daniels in October 2015, alleging civil-rights violations. Thompson alleges that Meredith Daniels, a police informant, was grossly negligent, tampered with and fabricated physical evidence, and aided in malicious prosecution, relating to pending criminal charges against him. Thompson seeks $500,000.00 in damages. After filing this suit, Thompson filed seven other lawsuits against prosecutors, a trial judge, a homicide detective, two police departments, and his appointed counsel, all involved in his five pending criminal charges. Most of these cases have been closed or dismissed. *See, e.g., Thompson v. Nicholas,* Civil Action No. H-15-3020 (S.D. Tex.)(dismissed with prejudice as frivolous on Oct. 25, 2015); *Thompson v. Chambers,* Civil Action No. H-15-3004 (S.D. Tex.)(administratively closed on Oct. 23, 2015); and *Thompson v. Waters, et al.*, Civil Action No. H-15-3010 (S.D. Tex.)(administratively closed on Oct. 15, 2015).

Court records show that Thompson is awaiting trial on state felony charges for murder (Cause Number 1468823), felon in possession of a firearm (Cause Number 1445930), possession of a controlled substance with intent to deliver (Cause Number 1445929), manufacturing a controlled

substance with intent to deliver (Cause Number 1446658), and manufacturing a controlled substance with intent to deliver (Cause Number 1446657).[1]

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). A court must dismiss a complaint under 42 U.S.C. § 1983 when that action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Thompson claims that his pending criminal charges are the result of gross negligence, tampering, malicious prosecution, fabrications of evidence, and violations of his constitutional rights. Thompson's claims in this lawsuit directly challenge the validity of his pending criminal charges and any conviction that may result. When a pending civil rights lawsuit has implications for

---

[1] *See* Harris County District Clerk Court website, available at http://www.hcdistrictclerk.com/Edocs/Public/search.aspx.

a pending criminal prosecution, the proper procedure is for the federal district court to stay the civil rights lawsuit until the criminal case is ended. *Wallace v. Kato,* 549 U.S. 384, 393 (2007). If the plaintiff is ultimately convicted, and if the stayed civil suit necessarily implies the invalidity of that conviction, the civil suit must be dismissed. *Heck v. Humphrey,* 512 U.S. at 486-87. The only exception is if the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

This civil lawsuit is administratively closed pending the disposition of Thompson's pending felony criminal charges. Thompson may move to reinstate this lawsuit as long as he does so within 30 days after final judgment on his pending criminal charges is entered.

Thompson moves for leave to proceed as a pauper. (Docket Entry No. 2). This motion is denied without prejudice to reconsideration on reinstatement. Any pending motions are denied as moot.

SIGNED on November 3, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge